CLOSED

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ──────────────────── : | | |
| TIMOTHY G. WATTS, | : | Civil No. 09-4597 (FSH) |
| | : | |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | **AND ORDER** |
| | : | |
| LINDEN POLICE DEPT., et al., | : | |
| | : | |
| Defendants. | : | |
| ──────────────────── : | | |

This matter comes before the Court upon Plaintiff's submission of a civil Complaint, <u>See</u> Docket Entry No. 1, accompanied with Plaintiff's duly executed application to proceed in this matter <u>in forma pauperis</u>, <u>see</u> Docket Entry No. 1-2, and it appearing that:

1.   Plaintiff is an inmate currently confined at the East Jersey State Prison, Rahway, New Jersey.  <u>See generally</u>, Docket.  Plaintiff has been in confinement on the basis of his current sentence since, at the very least, March 23, 2007.  <u>See</u> <<https://www6.state.nj.us/DOC_Inmate/details?x=1375211&n=0>>.

2.   Plaintiff asserts that, on November 3, 2005, he suffered unlawful search and seizure by certain police officers.  <u>See</u> Docket Entry No. 1, at 10-11.  In addition, the Complaint vaguely suggests that the arresting officers unduly concealed certain exculpatory evidence or information during Plaintiff's court or pre-trial proceedings.[1]  <u>See id.</u> at 11-12.  Granted the date of Plaintiff's incarceration, the arresting officers' court or pre-trial actions took place prior to March 2007, that is, more than two and a half years ago.

---

[1]  The Complaint does not clarify whether the evidence were destroyes or whether the information was sought by Plaintiff's defense counsel.  <u>See generally</u>, Docket Entry No. 1.

3.     Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).  A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted).  Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte under 28 U.S.C. § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint.  See, e.g., Jones v. Bock, 549 U.S. 199, 214-15 (2007)(if the allegations of a complaint, "for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"); see also Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) in forma pauperis provisions, that sua sponte dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal theory"); Hunterson v. DiSabato, 244 Fed. App'x 455

(3d Cir.2007)("district court may sua sponte dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable limitations period has run") (citing Jones v. Bock, Pino v. Ryan); Hall v. Geary County Bd. of County Comm'rs, 12 Fed. App'x 855 (10th Cir. 2001) (applying Pino to current § 1915(e)); Rounds v. Baker, 141 F.3d 1170 (8th Cir. 1998); Johnstone v. United States, 980 F.Supp. 148 (E.D. Pa. 1997).

4. The statute of limitations on civil rights claims is governed by New Jersey's two-year limitations period for personal injury. See Goodman v. Lukens Steel Co., 482 U.S. 656, 661-62 (1987); Wilson v. Garcia, 471 U.S. 261, 276 (1985); O'Connor v. City of Newark, 2006 WL 590357 *1 (3d Cir. March 13, 2006); Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989). New Jersey's statute of limitations for personal injury claims requires that "an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action." Cito, 892 F.2d at 25 (quoting Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987)). Under federal law governing the accrual of claims, "the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." Montgomery, 159 F.3d at 126 (quoting Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991)); see also Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). "Equitable tolling functions to stop the statute of limitations from running where the claim's accrual date has already passed." Oshiver v. Levin, 38 F.3d 1380, 1387 (3d Cir. 1994). "Generally, a litigant seeking

equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005).  The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a [plaintiff] faces extraordinary circumstances that prevent him from filing a timely [complaint] and the [plaintiff] has exercised reasonable diligence in attempting to investigate and bring his claims."  LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005).  Mere excusable neglect is not sufficient. Id.; Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).

5.    Here, even a cursory review of Plaintiff's Complaint indicates that the Complaint is barred by the statute of limitations, since Plaintiff has become aware of the circumstances of his search and arrest at the time of that search/arrest.  Therefore, his Complaint should be dismissed as facially untimely.

IT IS, therefore, on this 7th day of October, 2009,

ORDERED that Plaintiff's application to proceed in forma pauperis is hereby granted and the Clerk shall file the Complaint without prepayment of the filing fee; and it is further

ORDERED that the Complaint is dismissed, with prejudice, as untimely;[2] and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall serve a copy of this Memorandum Opinion and Order by regular mail upon the Attorney General of the State of New Jersey and upon the Warden of Plaintiff's place of confinement; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 which shall be deducted from his prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(1)(A), Plaintiff is assessed an initial partial filing fee equal to 20% of the average monthly deposits to the Plaintiff's prison account for the six month period immediately preceding the filing of the Complaint; when funds exist, the New Jersey Department of Corrections shall deduct said initial fee from Plaintiff's prison account and forward it to the Clerk; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid, each subsequent month that the amount in Plaintiff's prison account exceeds $10.00, the New Jersey Department of Corrections shall assess, deduct from the Plaintiff's account, and forward to the Clerk payments equal to 20% of the preceding month's income credited to Plaintiff's prison account, with each payment referencing the docket number of this action; and it is finally

---

[2]  The Court sees no reason to allow Plaintiff an opportunity to amend his Complaint, since the Complaint makes it abundantly clear that Plaintiff's claims are based solely on his search and arrest in 2005.  In light of the foregoing, leave to amend appears to be futile.

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon

Plaintiff by regular mail; and it is finally

ORDERED that the Clerk shall close the file on this matter.


s/Faith S. Hochberg
**Faith S. Hochberg**
**United States District Judge**